Barnard, P. J.
There is no basis for an appeal in this case.
The defendant issued a printed circular respecting the business relation between the parties. This paper was a libel within every definition. It was cunningly designed to injure whether true or false. If false, it was extremely malicious.
The circular is very long, and, among other things, it charges the plaintiff with being in debt to western creditors, with spending defendant’s money intrusted with him in a fiduciary capacity without his consent, with improper methods of business, rendering the plaintiff hable to public ridicule and contempt; with doctoring the accounts between the parties to deceive the defendant; with visionary and unsound business ideas, the result of an ill-regulated vanity; with being “the most treacherous wretch that ever struck the hand that fed hirti,” with having a “shallow head and unprincipled heart,” with having secreted a large amount of the defendant’s assets.
The complaint states a good cause of action for a libel. Crosswith’s Case, 3 J. R., 337; 9 id., 215; Perkins v. Mitchell, 31 Barb., 461.
The cases cited by appellant, Van Rork v. Copen (1 Denio, 252) and Kenny v. Nash (3 N. Y., 177), were cases where the complaint was for a verbal slander. The rule is different in cases of libel.
The judgment should be affirmed, with costs.
Dykman and Cullen, JJ., concur.